UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WENDY GREEN,

      **Plaintiff,**

  v.

**KILOLO KIJAKAZI,**
**Acting Commissioner of Social Security[1],**

      **Defendant.**

Case No. 3:18-cv-11822
Magistrate Judge Norah McCann King

**OPINION AND ORDER**

**I.**

This action was filed on July 19, 2018, *Complaint*, ECF No. 1, and Plaintiff's brief was originally due on January 28, 2019. *Scheduling Order*, ECF No. 8. The Court granted Plaintiff two (2) extensions of time in which to file that brief. *Text Orders*, ECF Nos. 15, 19. When Plaintiff failed to meet the last requested extension of May 8, 2020, the Court again extended the deadline to July 13, 2020, in which to file her brief and warned that the failure to file the required brief by that date would result in the dismissal of the action. *Text Order*, ECF No. 20. Two days after that deadline had passed, Plaintiff sought yet another extension of time in which to file the required brief. *Letter*, ECF No. 21. The Court granted Plaintiff's third requested extension, setting September 1, 2020, as the date for filing the required brief. *Order*, ECF No. 22. The Court specifically advised Plaintiff "that no additional extension of time will be granted to her and her failure to file the required brief by that date will result in the dismissal of the action,

---

[1] Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted as Defendant in her official capacity. *See* Fed. R. Civ. P. 25(d).

1

without further notice, for want of prosecution." *Id*. Plaintiff nevertheless failed to file the required brief.

On September 9, 2020, *i.e.,* more than one week after the final extension of time had expired and more than two years after the filing of the action, the Court—concluding that Plaintiff had abandoned the prosecution of this action—dismissed the action for want of prosecution. *Order*, ECF No. 23; *Final Judgment*, ECF No. 24.

After final judgment had been entered, but later that same day, Plaintiff, without leave of Court and without seeking to reopen the case, filed her opening brief. *Plaintiff's Brief*, ECF No. 25. Because Plaintiff filed her brief without leave of Court in a closed case, the Commissioner asked the Court to clarify whether the case would be reopened and whether she should respond to Plaintiff's untimely brief. *Letter*, ECF No. 26. In an *Order* entered September 18, 2020, the Court advised that, "[u]nless and until the Court grants a motion for relief from judgment, the Commissioner has no obligation to respond to Plaintiff's brief. Should a motion for relief from judgment be granted, the Court will establish the date by which the Commissioner's response will be due." *Order*, ECF No. 27.

Plaintiff took no further action for more than two years. On December 22, 2022, Plaintiff then filed a "Motion to Restore Dismissed Appeal," ECF No. 28. Plaintiff's counsel attached a certification, certifying, *inter alia*, as follows:

> 7.   Thereafter [following the Court's last Order, ECF No. 27], this office lost track of this case and unfortunately, other cases as well, as it confronted office closures, resignations and extended absences related to the Covid epidemic. An entirely new computer system had to be installed whereby cases could be reentered and tracked. *This case was simply lost in the system* much to the regret and embarrassment of the undersigned.
>
> 8.   The undersigned offers its belated apologies for the inconvenience to the Court's docket and schedule and apologizes to the Commissioner for any possible prejudice imposed by these circumstances. *The undersigned has no*

2

> *excuse other than that this delay in requesting relief was entirely unintentional.*

*Id*. at 3 (emphasis added).

The Acting Commissioner opposes Plaintiff's Motion, explaining that, given the lengthy procedural history of this case punctuated by repeated requests for extensions of time and multiple missed deadlines, she cannot consent to Plaintiff's request to reopen this case. *Defendant's Letter*, ECF No. 30, pp. 1–3. Although the Acting Commissioner acknowledges Plaintiff's counsel's staffing and workload difficulties and the challenges posed by the COVID-19 pandemic, she observes "that, unfortunately, the way this case proceeded is not new." *Id*. at 2 n.1 (citing *Sjoblom v. Colvin*, D. N.J. No. 3:15-cv-2709, *Order*, ECF No. 15, p. 3, ¶ 7 (June 17, 2016) ("Based on a review of the social security matters that Mr. Langton and Mr. Alter have filed in this district following the imposition of those sanctions in 2010, to date, this Court found that the moving briefs in over 70% of those matters were either filed late or are currently overdue and have not yet been filed. It appears that requests for extensions were not made in these cases."); *Gomez v. Comm'r of Soc. Sec.*, No. CIV. 10-1233, 2010 WL 3522791, at *1 (D. N.J. Sept. 1, 2010) ("Simply put, Langton & Alter is a habitually late filer who has required continual and ceaseless prodding by the Court to file its briefs. This Court has tried everything within its power and creativity to cajole, prod, warn, exhort, and practically beg this law firm to take seriously the deadlines that are needed for the Court to decide its cases. No case can begin without a plaintiff's brief. Yet, over and over and over again, this firm does not file its brief until this Court is required to take time out of its busy schedule to order counsel to file. At this point, the refusal to file on time verges on the contumacious and is, regrettably, disrespectful of Court time and the duties of counsel to proceed without the need for the Court to become a nursemaid"); *id*. at *6 ("Because of the extraordinary pattern of dilatory behavior and flouting

3

the warnings issued by this Court, Langton & Alter shall be fined $500 per day for each day that the brief in this case is overdue, having failed to demonstrate any 'good cause' for the dilatoriness")).

Plaintiff has not filed a reply brief. This matter is ripe for resolution.

## II.

Plaintiff cites no authority in support of her Motion. However, the Court concludes that it is Rule 60(b)(1) of the Federal Rules of Civil Procedure that is most applicable to the facts giving rise to the Motion. That provision authorizes a court to relieve a party from a final judgment because of "mistake, inadvertence, surprise, or excusable neglect". A decision to grant relief from a final judgment based on excusable neglect "is equitable in nature and requires a court to weigh the 'totality of the circumstances.'" *Nara v. Frank*, 488 F.3d 187, 193–94 (3d Cir. 2007). However, Rule 60(c) expressly provides, *inter alia*, that any motion filed pursuant to this sub-section must be made "no more than a year after the entry of the judgment of order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1); *see also Franks v. Gloucester Cnty. Prosecutors Off.*, 738 F. App'x 79, 81 (3d Cir. 2018) ("However, a motion under Rule 60(b)(1) must be made 'no more than a year after the entry of the judgment or order or the date of the proceeding.' . . . Because Franks' letters were filed more than five years after the District Court closed his case, he is not eligible for relief under that section.") (citations omitted).

Plaintiff's counsel represents that he lost track of the case and offers no excuse other than that the delay in this case was unintentional. *Plaintiff's Motion*, ECF No. 28, p. 3. This position is insufficient to justify relief under Rule 60(b)(1). As noted above, the Court entered final judgment dismissing this action on September 9, 2020, *Order*, ECF No. 23; *Judgment*, ECF No. 24, and expressly clarified on September 18, 2020, that, "[u]nless and until the Court grants a

motion for relief from judgment, the Commissioner has no obligation to respond to Plaintiff's brief." *Order*, ECF No. 27. Plaintiff did not seek to reopen this case until December 22, 2022, *i.e.*, more than two years later. Accordingly, Plaintiff is not entitled to relief under Rule 60(b)(1). Fed. R. Civ. P. 60(c)(1); *Franks*, 738 F. App'x at 81.

### III.

Rule 60(b)(6) of the Federal Rules of Civil Procedure also authorizes relief from a final judgment for "any other reason that justifies relief." "[A] movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (citations omitted); *see also Morris v. Horn*, 187 F.3d 333, 341 (3d Cir. 1999) (providing that relief under Rule 60(b)(6) "is available only in cases evidencing extraordinary circumstances.") (quoting *Martinez–McBean v. Government of Virgin Islands,* 562 F.2d 908, 911 (3d Cir. 1977)) (internal quotation marks omitted). Motions under Rule 60(b)(6) are not subject to the one-year limitation that governs motions under Rule 60(b)(1), but the motion nevertheless "must be made within a reasonable time[.]" Fed. R. Civ. P. 60(c)(1). Moreover, relief under Rule 60(b)(6) is "available only when Rules 60(b)(1) through (b)(5) are inapplicable." *Kemp v. United States*, 142 S. Ct. 1856, 1861 (2022). Therefore, a litigant may not use Rule 60(b)(6) motions "as a means by which the time limitations of 60(b)(1-3) may be circumvented." *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975).

Moreover, the Court is not persuaded that assertions that this case was "lost in the system" and that the delay in filing Plaintiff's opening brief was unintentional are sufficient to warrant relief under Rule 60(b)(6). As a preliminary matter, as previously discussed, motions under this sub-section are available "only when Rules 60(b)(1) through (b)(5) are inapplicable."

5

*Kemp*, 142 S. Ct. at 1861; *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs.,* 507 U.S. 380, 393 (1993) (stating that Rule 60(b)(1) and Rule 60(b)(6) are "mutually exclusive, and thus a party who failed to take timely action due to 'excusable neglect' may not seek relief more than a year after the judgment by resorting to section (6)"). It is not apparent to the Court—nor has Plaintiff provided any argument explaining—why Rule 60(b)(1) is inapplicable based on the record in this case. Therefore, relief under Rule 60(b)(6) is not available to Plaintiff.

In any event, Plaintiff has not shown that she has acted in a timely fashion in seeking relief under Rule 60(b)(6). Although motions under that sub-section are not subject to the one-year deadline governing Rule 60(b)(1), a litigant must nevertheless file such motions "within a reasonable time[.]" Fed. R. Civ. P. 60(c)(1). The Court of Appeals for the Third Circuit has previously found that a delay of approximately two years is not reasonable. *See United States v. Mishra*, 784 F. App'x 53, 54 (3d Cir. 2019) (affirming denial of a Rule 60(b)(6) motion where the litigant waited two years and ten months to file the motion); *Thompson v. Superintendent Coal Twp. SCI*, No. CV 17-1239, 2017 WL 3272205, at *1 (3d Cir. Apr. 13, 2017) ("Gupta's [Rule 60(b)(6)] motion was filed almost two years after the District Court dismissed his complaint. That period is longer than a reasonable time."); *Moolenaar v. Gov't of V.I.*, 822 F.2d 1342, 1348 (3d Cir. 1987) (finding that a Rule 60(b)(6) motion was untimely where the litigant filed the motion almost two years after the district court's initial judgment and six (6) weeks after the district court's judgment on remand). As detailed above, Plaintiff waited more than two years after this Court entered final judgment before filing her Motion. *See Final Judgment*, ECF No. 24 (filed Sept. 9, 2020); *Plaintiff's Motion*, ECF No. 28 (filed Dec. 22, 2022). Based on this record and Third Circuit authority, the Court cannot conclude that Plaintiff's Motion was filed "within a reasonable time" as required by Rule 60(b)(6).

Moreover, Plaintiff has not established the "extraordinary circumstances" necessary to justify relief under Rule 60(b)(6). Plaintiff's counsel represents that "[t]his case was simply lost in the system" and that the delay was "unintentional[,]" pointing generally to "office closures, resignations and extended absences related to the Covid epidemic" as well as to "[a]n entirely new computer system installed[.]" *Plaintiff's Motion*, ECF No. 28, p. 3. "But to justify a delay of this length, it would require greater detail of exceptional circumstances than" Plaintiff's counsel has provided. *See Mishra*, 784 F. App'x at 54; *cf. Ethan Michael Inc. v. Union Twp.*, 392 F. App'x 906, 910 (3d Cir. 2010) ("In order to grant relief under Rule 60(b)(6), a party's failure to act must be excused by an extraordinary situation—more than mere neglect, inadvertence, indifference, or careless disregard of circumstances."). This is particularly true where, despite, *inter alia*, the COVID-19 pandemic and a new computer system, Plaintiff's counsel's active participation during the relevant period in other cases assigned to the undersigned in this District undermines her counsel's proposed justification for the delay in this case. *See, e.g.*, *Motion for Attorney Fees*, ECF No. 21 (filed Mar. 22, 2020), and *Letter*, ECF No. 23 (filed July 29, 2020), filed in *Ollie v. Comm'r of Soc. Sec.*, No. 2:17-cv-4077 (D. N.J.); *Motion for Attorney Fees*, ECF No. 25 (filed Aug. 8, 2020), filed in *Gonzalez v. Comm'r of Soc. Sec.*, No. 2:17-cv-7098 (D. N.J.); *Letter*, ECF No. 30 (filed Aug. 11, 2020), filed in *Myers v. Comm'r of Soc. Sec.*, No. 2:17-cv-13530 (D. N.J.); *Letter*, ECF No. 32 (Filed on Aug. 11, 2020), *Letter*, ECF No. 35 (filed Aug. 20, 2020), filed in *Jones v. Comm'r of Soc. Sec.*, No.2:18-cv-2206 (D. N.J.); *Motion for Attorney Fees*, ECF No. 34 (Feb. 17, 2021), filed in *Gonzalez v. Comm'r of Soc. Sec.*, No. 2:18-cv-3335 (D. N.J.); *Motion for Attorney Fees*, ECF No. 20 (filed July 22, 2020) filed in *Nunez v. Comm'r of Soc. Sec.*, No. 2:18-cv-6097 (D. N.J.); *Motion for Attorney Fees*, ECF No. 33 (filed Apr. 1, 2021), filed in *Bryant v. Comm'r of Soc. Sec.*, No.2:18-cv-5411 (D. N.J.); *Motion for Attorney*

7

*Fees*, ECF No. 29 (filed Apr. 28, 2021), filed in *Parrott v. Comm'r of Soc. Sec.*, No. 2:18-cv-9681 (D. N.J.); *Motion for Attorney Fees*, ECF No. 22 (filed June 10, 2020), filed in *Ortiz v. Comm'r of Soc. Sec.*, No.2:18-cv-10014 (D. N.J.). Based on this record, the Court therefore cannot conclude that Plaintiff has established the extraordinary circumstances that would warrant relief under Rule 60(b)(6). *See Franks*, 738 F. App'x at 81 (rejecting the plaintiff's argument that extraordinary circumstances under Rule 60(b)(6) prevented him from litigation in one case where that "argument is undercut by his active participation in his concurrent case" and plaintiff "has not provided an explanation as to why he was able to continue litigating one case, but not the other"); *Moses v. Soto*, No. CV 14-4744, 2022 WL 704204, at *1 (E.D. Pa. Mar. 8, 2022) (denying Rule 60(b) motion because, "[w]here it is an attorney who has failed to be diligent, a client is generally bound, as 'parties cannot avoid the consequences of the acts or omissions of [their] freely selected agent[s]'") (quoting *Lehman Bros. Holdings v. Gateway Funding Diversified Mortg. Servs., L.P.*, 785 F.3d 96, 102 (3d Cir. 2015)); *Miles v. Morris*, No. 1:17-cv-02800, 2021 WL 2651144, at *3 (D. N.J. June 28, 2021) ("Plaintiff has provided no further details whatsoever as to any of these explanations for his failure to prosecute his case or respond to the Notice of Call for Dismissal. While the Court is sympathetic to the hardships imposed on many by the COVID-19 pandemic, Plaintiff has entirely failed to explain why the pandemic stopped him from being able to pursue his action for over eight months, at least two of which seem to have been before COVID-19 restrictions had been put in place. . . . With no further information and no more detailed explanation to even consider, the Court simply cannot find that any of these claims demonstrate excusable neglect or extraordinary circumstances warranting relief from judgment."); *cf. Sickman v. Flower Foods/Tasty Baking Co.*, No. 2:19-cv-6137, 2021 WL 4592846, at *3 (E.D. Pa. Oct. 6, 2021) ("Plaintiff's counsel blames the Motion's tardiness

8

on the COVID-19 pandemic, arguing "the global health crisis . . . led to the delay in filing this motion." The COVID-19 pandemic does not excuse the Motion's tardiness. Courts were open and available to Plaintiff and her counsel at all times during the COVID-19 pandemic. Even if Plaintiff's counsel was, for some reason, unable to file the Motion in the early months of the pandemic, say in April or May 2020, Plaintiff's counsel was certainly able to file it before August 2021 to avoid an untimely or unreasonably late motion.") (citation to record omitted); *id.* at *3 n.1 ("[T]he Court is left to presume the Motion's tardiness was due to counsel oversight. Unfortunately for Plaintiff, she must be held accountable for the acts of her counsel.").

## IV.

For all these reasons, Plaintiff's Motion to Restore Dismissed Appeal, ECF No. 28, is **DENIED**.


Date:  April 21, 2023                             *s/Norah McCann King*
                                                  NORAH McCANN KING
                                       UNITED STATES MAGISTRATE JUDGE